UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

Calvin James,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 06-265 ADM/JJG

_____

Calvin James, pro se.

Thomas Calhoun-Lopez, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Calvin James' Motion for Relief under Rule 60(b)(6) [Docket No. 160]. James requests the Court set aside the Judgment entered on July 28, 2010 [Docket No. 136], denying James' motion for relief under 28 U.S.C. § 2255. For the reasons stated below, James' motion is denied.

## II. BACKGROUND

On February 23, 2007, a jury found Calvin James guilty of bank robbery after a four day trial [Docket No. 75]. On June 6, 2007, the Court sentenced James to a 210-month term of imprisonment [Docket No. 91].

James' counsel filed a direct appeal of the verdict. In addition, James filed a pro se supplemental appellate brief. On July 24, 2008, the Eighth Circuit Court of Appeals "affirm[ed] the judgment of the district court in all respects." United States v. James, 534 F.3d 868, 875 (8th

Cir. 2008). On June 15, 2009, the United States Supreme Court denied James' petition for writ of certiorari. James v. United States, 129 S. Ct. 2818 (2009).

On April 12, 2010, James filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 120]. On April 26, 2010, James also filed a Motion to Dismiss for Denial of Constitutional Rights of Due Process and Right to Speedy Trial [Docket No. 126]. The Court addressed the arguments presented in both motions as a combined request for relief under 28 U.S.C. § 2255. Order, July 28, 2010. For the reasons stated in its decision, the Court denied James' motion. Id.

James then filed a pro se Motion for Reconsideration, seeking a modification or amendment of the Court's decision under Rule 59(e) of the Federal Rules of Civil Procedure [Docket No. 138]. On September 7, 2010, the Court denied James' motion, holding that James' motion for reconsideration was merely an attempt to revisit the arguments James made in support of his § 2255 motion [Docket No. 140].

On September 29, 2010, James filed a motion requesting the issuance of a certificate of appealability in connection with the Court's denial of James' initial habeas petition [Docket No. 142]. In its decision denying the request, the Court noted that it had already considered the issue and had stated its reasons for declining to issue a certificate of appealability in its July 28, 2010 Order [Docket No. 143]. The Court held that James had presented no compelling reason warranting a reconsideration of this denial. Id.

James appealed the Court's decision denying issuance of a certificate of appealability to the Eighth Circuit. On March 8, 2011, the Eighth Circuit affirmed the Court's decision [Docket No. 146]. On July 11, 2011, James filed a second petition for a writ of certiorari from the

Supreme Court, but the petition was denied [Docket Nos. 150, 153].

On August 1, 2011, James filed another motion for relief from this Court's July 28, 2010 Order, which the Court denied [Docket Nos. 148, 149]. James again appealed to the Eighth Circuit, and the Eighth Circuit again affirmed the Court's decision [Docket No. 154].

On June 11, 2012, James filed a motion to amend a § 2255 petition, but the Court denied the motion as moot because no § 2255 motion was pending [Docket Nos. 156, 157].

On December 17, 2012, James filed the present motion seeking relief for a violation of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

## III.  DISCUSSION

The Eighth Circuit has held that when a defendant files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should conduct a "brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002); see also United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (accord).

James' present Rule 60(b) motion attempts to revisit the merits of his initial habeas petition, and should thus be treated as a second or successive motion. In his motion, James' only argument is that the Court's July 28, 2010 Order is improper because the timing of James' trial violated 18 U.S.C. § 3161 of the Speedy Trial Act. As the Court initially held, James failed to raise this argument on direct appeal, and did not explain why he had failed to do so. Order, July 28, 2010; see also Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997) ("The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a

3

section 2255 motion . . . ."). The Court also held that James had not demonstrated ineffective assistance of counsel. As a result, James could not overcome his procedural default and was unable to raise the right to a speedy trial for the first time in his habeas petition. Order, July 28, 2010; see also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). By again raising the issue of a Speedy Trial Act violation in his present motion, James is attempting to revisit the Court's initial habeas petition determination. As such, James' Rule 60(b) motion is in reality a successive 28 U.S.C. § 2255 motion.

A defendant may only file a second or successive motion under § 2255 if he has obtained leave to do so from the appropriate court of appeals. Even then, the court of appeals will not certify the defendant's motion unless: (1) the defendant presents newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or (2) the Supreme Court has made a new, retroactively applicable, rule of constitutional law that was previously unavailable. 28 U.S.C. § 2255(h).

James has not obtained leave from the Eighth Circuit to file the present motion, and so it must be denied. Attempting to avoid this result, James argues that the present motion does not raise a habeas claim or constitutional issue, and is thus not appropriately addressed by § 2255(h). James argues that instead, the present motion raises a "defect in the integrity of the federal proceedings," as illustrated in Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). In addition, James argues that the present motion is not a second or successive motion under § 2255 because the Court's initial denial of James' speedy trial challenge was based on a failure to exhaust state court remedies. Def.'s Reply [Docket No. 167] (citing Slack v. McDaniel, 529 U.S. 473 (2000)).

4

Both of James' arguments are inapposite. Regarding James' first argument, the Supreme Court in Gonzalez held that a defendant's Rule 60(b) motion is not appropriately treated as a successive habeas petition if the Rule 60(b) motion attacks the integrity of the federal habeas proceedings themselves, as opposed to arguing the merits of a habeas claim. Gonzalez, 545 U.S. at 532-36. In his present motion, James offers no argument challenging the integrity of his habeas proceedings. Instead, James addresses the merits of his initial habeas petition by again arguing that his right to a speedy trial has been denied. As a result, Gonzalez does not apply. Even if James had challenged the integrity of his federal habeas proceedings, there are no "extraordinary circumstances" necessary to justify reopening a judgment, particularly in the habeas context. See Gonzalez, 545 U.S. at 534-35. This is especially true in light of James' extensive appeals.

With respect to James' second argument, the initial denial of James' habeas petition was not due to a failure to exhaust state remedies. As discussed above, the Court denied James' speedy trial argument because he failed to raise the issue on direct appeal, and because he did not demonstrate ineffective assistance of counsel. James' cited case law regarding the exhaustion of state remedies does not apply, and the Court sees no reason to reconsider its original decision.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Relief 60(b)(6) [Docket No. 160] is **DENIED**.

2. A certificate of appealability pursuant to 28 U.S.C. § 2253 shall not issue.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 28, 2013.